# manatt

Richard S. Hartunian
Manatt, Phelps & Phillips, LLP
Direct Dial:  (212) 790-4520
RHartunian@manatt.com

April 7, 2020

**VIA ECF**

Hon. Lawrence E. Kahn
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207-2936

      Re:    *J.S. v. Syracuse University, et al.*, No. 5:20-cv-377 (LEK/ATB)

Dear Judge Kahn:

      We represent Syracuse University and the Board of Trustees of Syracuse University, defendants in the above-referenced action (collectively, the "SU Defendants").  On or about March 31, 2020, another defendant in this action, Camp Greylock, Inc., purported to serve a notice of removal from the New York Supreme Court, Onondaga County, Index No. 002003/2020 ("State Court Action") to the United States District Court for the Northern District of New York ("Removed Action").  The Removed Action was assigned to Your Honor.

      At the time of Camp Greylock's notice of removal, the SU Defendants had been served with process in the State Court Action.  Camp Greylock's notice of removal states that "[u]pon information and belief, no other parties have been joined and served as defendants" in the State Court Action.  *See* Docket No. 1, p.2 at ¶9.  Plaintiff has not filed an affidavit of service in the State Court Action so Camp Greylock's information and belief is understandable.  However, it is not accurate.

      Pursuant to 28 U.S.C. §1446(b)(2)(A), removal to this Court requires the consent of all defendants.  *See Johnson v. Adams,* 2016 WL 1178754 at *2 (N.D.N.Y Mar. 23, 2016).  We respectfully write to inform the Court that the SU Defendants, individually and collectively, object to removal of this action.  We understand that letters to the Court can suffice to express consent to removal (*see Pietrangelo v. Alvas Corp.,* 686 F.3d 62, 66 (2d Cir. 2012) and we respectfully request that the Court similarly accept this letter as the SU Defendants' *objection* to the notice of removal.

      The SU Defendants' objection to removal prevents Camp Greylock's notice of removal from complying with the "rule of unanimity."  In *Nguyen v. Am. Express Co.,* 282 F. Supp. 3d 677 (S.D.N.Y. 2017), the court remanded the action to state court for failure to comply with the rule of unanimity, stating that:

7 Times Square, New York, New York  10036  Telephone:  212.790.4500  Fax:  212.790.4545

Albany | Boston | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.

# manatt

Hon. Lawrence E. Kahn
April 7, 2020
Page 2

> "[T]he Plaintiffs' assert that this action must be remanded due to AmEx's failure to obtain written consent for removal from the Other Defendants pursuant to Section 1446(b)(2)(A) (the "Unanimity Rule" or the "Rule"). The Unanimity Rule provides that "when a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *See* 28 U.S.C. § 1446(b)(2)(A); *see also* Wright & Miller, 14B Fed. Prac. & Proc. Juris. 3d § 3723 ("[A] cardinal rule is that ... all defendants must join in the notice of removal."). Moreover, a defendant cannot cure such a defect by belatedly submitting written consent from co-defendants as "the time for consent has long passed." *Metropolitan Transp. Authority v. U.S. Fidelity & Guar. Co.*, No. 14 Civ. 9059 (PAE), 2015 WL 1730067, at *5 (S.D.N.Y. 2015). Indeed, "[c]ourts have very little discretion—if any—to forgive a failure to comply with the rule of unanimity." *Bank of Am. v. Angona*, No. 14-CV-1643 (JG), 2014 WL 1515559, at *3 (E.D.N.Y. 2014).

*Id.* at 682.

Accordingly, we respectfully request the Court to remand the Removed Action based upon this letter. We respectfully submit to do so will promote judicial efficiency by avoiding unnecessary motion practice which will burden the Court and cause the SU Defendants to incur fees regarding an inaccurate filing that they did not make.

Of course, if the Court requires us to make a formal motion, we will do so.

Finally, to the extent that Camp Greylock's notice of removal is automatically effective until further Order of this Court, we respectfully request the Court stay the SU Defendants' time to answer, move or otherwise respond to the Complaint until the Court resolves this removal issue. At the present time, we have executed a written stipulation with Plaintiff's Counsel that extends the SU Defendants' time to respond to the complaint until May 1 or three business days after the Supreme Court of Onondaga County becomes accessible to non-essential business. We respectfully submit that it would be an unnecessary burden for the SU Defendants to begin working on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it ultimately will have to prepare a similar motion under N.Y. CPLR 3211(a)(7). Conversely, it would be an unnecessary burden for the SU Defendants to work on a motion to dismiss the State Court Action (when this action is apparently not even in the State Court) at the same time that it may have to litigate a formal motion to remand in this Court.

# manatt

Hon. Lawrence E. Kahn
April 7, 2020
Page 3

        We appreciate the Court's attention to this matter.

                                                Respectfully submitted,

                                                Richard S. Hartunian

RH

Cc:    Peter A. Lauricella, Esq. (via email and ECF)
        Glen Feinberg, Esq. (via email and ECF)
        Taylor Rayfield, Esq. (via email and ECF)
        Kathleen R. Thomas, Esq. (via email and ECF)

SO ORDERED:

_____
U.S.D.J  N.D.N.Y